In the Eighth Circuit Court of Appeals

Jeffery William Paul
Plaintiff
V.
United States of America
Respondent

Dkt. No.
13-2987

105 17642
PO Box 33
Terre Haute IN.
47808

**FILED**

OCT 24 2013

MICHAEL GANS (2.)
CLERK OF COURT

**RECEIVED**

OCT 24 2013

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

— Capital Case

— Motion - to re consider —

Comes now the Petitioner does submit this No
Motion for affirmitive relief, pursuant to Constitutional
due process, vacating conviction($) sentence due to
actual innocense.

(1) Pursuant to Rule 27 General provisions; (a)(2)
(A)(B)(i)(ii)(iii); FRAP.

(2) Petitioner does include (3) pg affidavit of perpetrator of
crime; ($) cover letter, sent by (1) Certified Attorney, namely,
Ms, Jennifer A Merrigan; who confirms its authentic ($) I
am including a Affidavit relevant to timely reference in
pleading/Briefs for Due Diligence, see... Anjulo-lopez v.
United States, 541 F3d 814 817 (8th cir. 2008)(id) Brf, Your
rules/case.

(3) Petitioner claims 4th Amendment; 6th Amendment, violations, (et al)
any other relevant ground/cite; that supports offense, conviction
was illegal; see.. Sawyer v. Whitley 505 US 333, 336 (1992);
Naue v. Delo 62 F3d 1024, 1032 (8th cir 1995) cert denied, 517
US. 1214, 116 S.Ct 1837, 134 LEd 2d 940 (1996).

(4) Petitioner claims conviction was result of 6th amendment
(b) 7th Amendment violation; ($) 5th amendment; (b) that was
result of Trinity Ingle remaining silent; but he reportedly had
requested his lawyers contact prosecuter for lenity plea ($)

(5) continued... therefore; pretrial (His) ($)(Mine); claimed he was going to Rob a shop at the arlington Hotel (supposedly) ($) was confronted by person who he responded too; ($) that "Jeff", didn't know anything about it (ie); immediately being in possession of pistol or intent to Rob store/shop/desk(s), ($) attempted to intercede during confrontation; which is wholly exonerating ($) consistent with totality; proximity of crime scene evidence which was proven to be applied by way of perjury, (ie) Prosecution claimed that presence on Narrow trail was perpetration ($) petitioner was complicit; physically involved ($) not leaving scene when shots were fired; being exposed to blood transfer ($) prints or other trace evidence, which was entirely false ($) relevant to alternate cause of Death theory; also disproven by FBI experts ($) eyewitnesses; evidence that was not submitted properly; but would've resulted in a Not Guilty verdict, see... House V Bell 547 U.S. 518, 536-37 (2006), Schlup V. Delo 513 U.S. 298, 327 (1995) U.S. V. Ingle 157 F3d 1147, 1149 (8th cir 1998); ($) fact that Trinity was convicted of that crime; by that same statement; that he was going to Rob a shop ($) ("Country Motherfucker"), ("Jeff") Reference; didn't know anything about it; excludes prosecutorial claim of Trinity being cooperative; resulting from Double jeopardy immunity ($) confirms Government had several statements excluding petitioners guilt previous to the prejudicial joinder which was result of petitioners amnesia ($) reticence to confirm certain material "aggravating" factors requested by FBI.

(6) petitioner asserts that Circuit Court; Department of Justice

6 Continued... Generally has superseding obligation to yield to petitioners submission; authenticated ($) demonstrably consistent with previous statements attributed to perpetrator; lacking Torture; ($), release wrongfully convicted plaintiff Jeffery William Paul, due to actual innocense ($) affirmitive due process duty; avoiding further liability for prison staff ($) Government who have repeatedly violated the civil rights of him (petitioner), his wife, (Rape victim ($), Hostage Cindy linas Wallace) ($, his family, property owners suffering genocidal discrimination; not excluding his attorneys whose offices are impotent without access to certain fact ($) due process; see. Cox v. Burger 398 F3D 1025, 1031; (8th cir 2005) (et al.) coleman v. Thompson; 501 U.S. 722, 750 (1991), Bowman v. Gammons 85 F3D 1339, 1396 (8th cir 1996).

7 Petitioners evidence, Referenced in (two) trials; briefs ($) manifest in (3pg) document; considered with evidence as submitted, is persuasive enough to prove actual innocense; Herrera v. Collins 506 U.S. ID 39 400 ((1993) ($) that the AEDPA Sec. 2D § 2244 (1)(2) ($, § 2255 (h) Authorization; stipulatons, (and denial premises) are superseded by my right to Constitutional Due process, 1st, 2nd, 3rd; 4th; 5th, 6th, 7th; 8th, 9th, 10th; 14th Amendments ($) Art 1 sec. 8; 10; Art III sec. 1, 2; Art. II sec. 1, 2, 4; ($) Art VI, constitutes sufficient showing for any court in United States; upon the authentication of the submission; considering the totality of the record with or without the courts bias to include ($) adopt perjured testimony ($) forensics; see. Johnson v. United States 720 F.3D 720 8th Cir. 2013.

⑧ Petitioner does request court order conviction ⑧) sentence vacated ($) claims; that clerks ($) Judges understand petitions; objectively; with or without exactly correct composition, ($) my claim is so simple that 8th circuit has an obligation to do so as a matter of law due to the fact that my innocence is demonstrable in a prima facie claim; making my further captivity illegal ($) rape of my wife; poverty ($) estrangement ($) physical deterioration of person with special needs a heinous crime as well; although I do not have a copy of the District Courts Ruling; (B)(iii), ($) did not initially see (4) 5 day timely requirement, I must claim that is not deliberate default; ($c that I have a severe learning disability; ~~violation~~

⑨ Petitioner asserts R.27 (4)(C) may limit options to vacate but may be superseded by text of ch. 153, Habeas Corpus. § 2241 (a)(c)(1)(2) (9/11/2001); (3) ($) that I can be released as innocent upon receipt of this motion; (d) from Indiana; by way of law; § 2245, 2246, 2247. § 2248, § 2249. T-28 FCC&R. § 2255

Respectfully Submitted

△ Jeffery W. Law 105170⁴2
PO Box 33
Terre Haute IN 47808
10/20/2013



EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

July 11, 2013

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

Jeffery Paul, # 10517-042
United States Penitentiary
P.O.Box 33
Terre Haute, IN 47808-0033

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

M.S. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE. 19801
(302) 573.6010 (Ph)

Enclosures

Western District of AR.
Hot Springs, Division
U.S. V. Ingle
Case No. 97-3443
157 F3d 1147
(8th cir. 1998 )

County of Jefferson

State of Texas

Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

A02253

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams

2

A02254

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.

A02255