In The 8th Circuit Court of Appeals

Jeffery William Paul
    Petitioner
V.

The United States of America
    Respondant

Case no 13-2987

(Pg. 1)

**FILED**

DEC 05 2013

**MICHAEL GANS
CLERK OF COURT**

Capital CASE

Pro - Se

(Rule 27)
-Motion for Temporary Suspension of Rules ($) leave to Petition Panel for Affirmitive, Constitutional Due process due to fundamental miscarriage of Justice-

Comes now the Plaintiff in the above styled case does submit this motion pursuant to Habeas Corpus ch. 153; Title 28; relief from wrongfull Conviction ($/ Illegal Sentence. Rule 27

(1.) Petitioner requests the Court Suspend rules, (via) Title 1; Federal Rules of Appellate procedure; Rule 2; because Petitioner is in extreme Duress ($) suffers a mental illness which effects a learning disability.

(2.) Petitioner erroneously filed a 2 part petition for leave ($) order to be allowed to file a successive or appendend §2241/§2255 Habeas Corpus ch. 153 T. 28 petition in The Western District of AR.; ($) was denied despite newly discovered evidence, which wholly exonerates petitioner of guilt ($/ is consistant with the physical ($/ circumstantial) evidence ($/ previous Statements from that perpetrator.

**RECEIVED**

DEC -5 2013

**U.S. COURT OF APPEALS
EIGHTH CIRCUIT**

③ Petitioner requests leave to file Rule 40, Petition for panel rehearing ($) has proxy 104 documents for an evidentiary appendix, but no resources to bind according to Rule 32; ($) is learning disabled/mentally ill ($) symptomatic of ADD / Attention deficit disorder ($) Dyslexia.

④ Petitioner requests Court allow for leave ($) order United States prison, Terre Haute. IN; to Allow Attorney of record to send Book Binding ($) postal Supplements for pro se petitioner with learning deficit; pursuant to my 1st Amendment right to redress grievance ($) 14th Amendment right to proceed with Civil Rights; Tennessee V. Lane 2004 (USC);

⑤ Petitioner asserts that Actual innocence claims are not subject to procedural Bar where relief can be granted ($) claim satisfies criteria under AEDPA sec. 28 § 2244; having been certified as authentic documentation including forensic results ($) Affidavits of consistent statements not resulting from Torture; See; Affidavit; Declaration of Trinity E. Ingle.; which wholly exonerates Me, "Jeff" of any principal Culpability.

⑥ Petitioners successive petition request does satisfy prima facie Standards, § 2255 (h), Johnson V. United States $r actual Innocence Standards; with respect to Rules of evidence of; ($) Standards therein; Ch. 153; T. 28 Habeas Corpus; § 2241 (a) (1)(2)(3); § 2242; § 2244 (a)(2)(A) B(i)(ii); 3(A); (B)(C)(D)(E); § 2245; § 2246; § 2247 § 2255.
($) Supporting cites relevant to Actual Innocence as a...

6) continued;--- gateway for presenting a demonstrable claim of actual innocence; see; Cox v. Burger 398 F.3d 1025, 1031 (8th cir 2005) citing Coleman v. Thompson 501 U.S. 722, 750 (1991); petitioner asserts the Affidavit is an almost verbatim rendition of the version related to me during pretrial phase in Garland County jail, Hot Springs, AR. whereby legal Counsel did in proxy; October - Nov. 15; did relate the fact that Trinity had made several terse statements exonerating me, but that a alternate premeditated conspiracy was being alleged and that was taken to trial (&/ I was found Not Guilty of that &/ was preparing to go to trial in March 97; with statements from Trinity; saying; ("I was going to get into that Shop/Office at the Arlington, &/ that guy Noticed me, So I wanted to make sure whether or Not he was looking at me suspicious; called him down &/ got into it; shot him &/ we left; Jeff didn't know what was going on or that I'd brought the pistol &/ I told him to stop getting in my way; or else...!"); Trinity had previously made that statement but I was being accused of receiving the Car (Robbery); &/ then assault because a (CI/ Acting Deputy did not believe I would not have assisted Trinity having been in a scuffle; During trial; The prosecutor; Determining that there was an opportunity; asserted ballistics ambiguity &/ Autopsy reports indicated another cause of death &/ perpetrator; he

(6) continued; repeatedly stated that "Paul, not Ingle, shot victim with a .357 or Shotgun (&) stomped/kicked the victim so savagely it dislodged his eye (&) severed the spine breaking his neck." The Jury did find Petitioner guilty of that, exactly; despite the Ballistics being positively identified as .38 caliber (&) Trinity, being already Convicted of having 2 pistols; (1) was used by him (&) (1) was sold (&) not present at crime scene; (&) the medical examiner stating that the victims eyes (&) neck showed signs of decomposition but that no injury to nose or browridge or teeth or neck indicated a strike; excluding gunshot wound from Trinitys pistol; (&) tooth that was missing (&) referenced in the context of a strike was removed by pathologist for Identification purposes.

(7.) Prosecutor repeatedly indicated that Both Paul (&) Ingle, savagely beat Williams (&) when Williams refused to give up his money Ingle Placed a pistol against his head (&) pulled the trigger; leaving both partys covered with blood; to flee the scene (&) wash up at a Hotel. That is also false (&) demonstrably so because less than 10 mins after the incident the shoes that allegedly had blood on them were seen, dry (&) clean because I had a sprained ankle for a wk. preceding that incident (&) there was only a 4ft tolerance at that crime scene (&) Not (1) shot, but (3) shots fired rapidly by person moving away from victim, with one type of pistol, ballistic.

(8) Petitioner was convicted in absentia despite (2) exoneration statements (3) could not present my claim to be obstructed in attempts to effectively assist counsel (5) did suffer a severe psychological injury from the rape of my wife (6) cruel disposition the guards here (7) presently seem to have towards spousal rights.

(9) Petitioner is in extreme Duress; the Judge in AR. is very biased because the prosecution still refuses to correct the record despite his own FBI lab excluding his exact claims so is allowed to obstruct my appellate process with impunity in Exparte form by objecting on baseless allegation under color (8) credibility of law, which is a violation of my 1st; 2nd; 3rd; 4th; 5th; 6th. 7th; 8th; 9th; 10th, 14th amendment rights (9) constitutes criminal Conspiracy from partys who factually know their claims to be false.

(10) They're asserting person who did factually exonerate me 3 times was Not credible, though he was convicted on that exact confession; content if not verbatim.

(11) They're claiming injury (9) trace evidence used in Colorful descriptions; being forensicly disproven could not obligate Judge to vacate Conviction or satisfy a Jurys burden for innocence which is patently false; because there is no other defense for allegations that person left trace evidence including blood; hairs; ballistics (9) prints at a crime scene than the truth; which is; None of that was present or mine; (9) I received nothing from that crime scene or car.

⑫ Petitioner does; hereby petition to this high court; pray for relief ($) leave to file for rehearing, on partial grounds for case No. 13-2987; which is where I intend to request court order Chief Judge to vacate conviction; due to bias ($) certainty that after 17 years of looking at this case; he still refuses to cede his own Judicial admissions ($) record, due to his hatred for petitioner which is direct result of my innocence, the abuse I complained of in his jurisdiction; relevant to the Rape of my wife, I am completely enslaved;

⑬ Submitted this day; 12/2/13; (ie) 12 days before Christmas; 17 yrs. 3 mos wrongfull captivity; Please Respond !!

Done this day:
Sincerely ;

♂ Jeffery Paul Co. 1051704?
12/2/13

Pro Se

Attorney of Record
MS. Jennifer A. Merrigan;
800 King St. / Suite 200
Wilmington, DE 19801
P. 302-573.6010
F 302 573 6041
Toll free 1-877.444 8244
http:// de. fd. org /

I certify that this was placed in the postal service on 12/2/13 -

Evidentiary Copy; 8th Circuit;
Fed. Crim Code (Fl Rules
Ch. 153 T. 28
§ 2246 (4) § 2248

OFFICE OF THE FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF DELAWARE

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

KARL D. SCHWARTZ
CHIEF, CAPITAL HABEAS UNIT

July 11, 2013

JENNIFER A. MERRIGAN
ASSISTANT DEFENDER,
CAPITAL HABEAS UNIT

Jeffery Paul, # 10517-042
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808-0033

Certified in person by Attorney
J. Merrigan;
9/17/13  USP
Terre Haute IN.

Jeff,

It was good to talk to you today. I am enclosing the affidavit you requested. I ordered you the Almanac and Dictionary, you should receive them soon. I know that you have requested other books, and I have let the team know.

Sincerely,

Jennifer Merrigan

Enclosures

M.S. Jennifer Merrigan
800 King Street, Suite 200
Wilmington, DE. 19801

(Cell Ph.) 302/573/6010

Return Copy -
Western District
of Arkansas, Hotsprings Division
U.S. v. Ingle case No. 97 3443
157 F3d 1147 )
( 8th Cir 1998 )

(CAPITAL CASE

County of Jefferson

State of Texas

## Declaration of Trinity E. Ingle

My name is Trinity Ingle. I am over the age of 18 and competent to make the declarations contained herein.

On June 22, 1995 me and Jeff were downtown in Hot Springs by the Arlington Hotel. I was wanting to rob a shop downstairs. Jeff was high and was pretty much just following me where I was going to. I was high too otherwise I would not have been wanting to rob a shop in broad daylight. But so we're standing outside of the mall when Mr. Williams drove by. I had not slept for days and was high on Methamphetamine which can make you paranoid and was making me paranoid after ten days of it and not sleeping. It was one of those times where if things had gone different, if a cop car had come by or something like that, I would have just left, but when Mr. Williams drove by he looked at me and I just locked in on him. In my paranoia I knew he had seen the gun in my waistband and knew that now he knew what I was thinking to do by robbing the shop downstairs. So when he got out of the car I told Jeff to come on and follow me. At this point Jeff did not know what I was doing and so he wasn't arguing any about it yet. As far as I knew, Jeff did not know that I had a gun. I didn't tell Jeff about my suspicions of Mr. Williams, nor did I say anything to him about what I planned to do.

A02253

8th Circuit; Evidence; CAPITAL CASE

I followed Mr. Williams up the trail and Jeff was following me. I stopped him by asking him if he had the time. After he told us the time I pulled the gun out and told him to give up everything he had. When he didn't, I hit him and kicked him on the ground. By this time, Jeff was getting very nervous. He was trying to get me to leave, saying, "come on, let's go." But I wasn't about to leave, but I still had the gun in my hand and Jeff knew it.

I told Jeff to keep quiet and I tied the guy up with the tape. Then Jeff and I started back down the trail but when I looked back at him the guy was looking right at me. I turned to go back but Jeff grabbed me by the arm and said, "let's just leave him and get out of here." Jeff kept arguing with me but I yanked free of him holding me. I still had the gun in my hand and Jeff was looking at it as I held it in his direction. Even though Jeff didn't know what it was I was going back up the mountain for, I made sure he knew if he put his hands on me again trying to stop me I would have shot him, too, and it would have been two people left up on that mountain.

So I walked back up the trail and asked the guy if he was going to call the cops. He said no but of course I knew he was lying. So I stood over him and shot him in the chest but one shot was rat shot which I had forgot was in the chamber. I heard Jeff yelling at me to stop, but I turned back around and shot Mr. Williams

2

A02254

with the real bullet in the head.

Everything else I believe is already known which followed that.

The gun I got from a burglary off Higden Ferry Road, New Oscar Point and Amity. It was a brown and yellow house and part of the yard was fences. It was in the morning that I broke into the house and found the guns in a closet. I think I recall that they were in a box on the closet floor. I also took some things out of the ice box and some change and silver dollars. Actually I had gotten two guns from there, a .357 and the .38 I used to shoot Mr. Williams. The .357 I had already sold.

Under penalty of perjury I hereby swear that the foregoing is true and correct to the best of my information and belief.

Trinity E. Ingle

Dated this 11 day of February, 2005.

A02255

8th circuit Evidence;

<u>Capital CASE</u>

Unit Mgr. Bayless;

Will You Please review these pgs. ($) note that I did get confirmation from my Attorney that Trinity Ingle did write ($) sign that affidavit, Titled; Declaration of Trinity E. Ingle; ($)

I have a copy of this in my central file.

I could like (BoP) (SIS) or appropriate staff to present the Affidavit ($) certify he confirms the text ($) signature; Because for some reason, not disclosed to me; the courts refusing to acknowledge any obligation to release or lower the penalty; for 7.5 yrs now.

Please confirm my lawyers are My lawyers ($) that this Affidavit is genuine ($) note that I am indigent due to copyright infringement ($) suffering medical ($) psychological injury due to bad dental, dermal, vision care ($) the rape of my wife estrangement etcetera.

Mr. Paul —
   The BOP/SIS is not authorized to authenticate the document. Therefore, the BOP can not state the document is genuine.
   —MBayless, 8/2/13

← Certified
9/17/13

Please respond ($) return papers.

Sincerely; Jeffery Paul

(05170-42)
41700U/
C Range
7/31/2013